United States District Court
Southern District of Texas
**ENTERED**
August 19, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Plaintiff,<br><br>v.<br><br>HUMBERTO HERRERA-FERNANDEZ,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:26-cv-06778 |

# ORDER

The Court, having reviewed Petitioner's Ex-Parte Emergency Temporary Restraining Order, and Petitioner's motion and memorandum in support thereof, and the evidence in support thereof,

finds that the Petitioner has shown that irreparable injury will result absent the entry of a temporary restraining order.

Respondent Humberto Herrera-Fernandez, A# XXX XXX 067, is a citizen of Cuba is a citizen of Cuba and is presently detained at the Montgomery Processing Center ("MPC") in Conroe, Texas pursuant to the Immigration and Nationality Act. Respondent has been detained since July 22, 2026 and has been classified as a hunger striker since July 25, 2026, having missed sixty-nine (69) consecutive meals since that time.

Based on affidavits that ICE submits with its request, the Court finds:

1. The Respondent's hunger strike and limited hydration has adversely affected his

health.

2. The Respondent's continuation of his hunger strike and refusal to drink places his life in imminent danger.

3. Respondent has refused Petitioner's medical staff attempts provide for his medical well being by refusing to allow them to administer routine medical and laboratory testing needed to monitor his health and determine the appropriate treatment.

4. Without the involuntary administration of hydration, by nasogastric tube and/or intravenous feeding, Respondent faces a high probability of death in the very near future. ICE bears responsibility for the care and custody of Respondent. See *Estelle v. Gamble*, 429 U.S. 97, 104 (1971). ICE has compelling governmental interests in the preservation of life of individuals in its care and custody, in the prevention of suicide of those individuals, and in the enforcement of security, order, and discipline in its facilities. Based on the affidavits that ICE submits with its request, the Court finds that Respondent's death not only would thwart ICE's ability to care for an individual in its custody (i.e., the Respondent), but would pose a serious threat to the security and good order of the facility in which ICE currently maintains Respondent. ICE's compelling interests outweigh any constitutional rights that Respondent may assert in the circumstances of this case. See, e.g., *Washington v. Harper*, 494 U.S. 210, 227 (1990) (holding that "given the requirements of the prison environment, the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest"); *Freeman v. Berge*, 441 f.3d 542, 546 (7th Cir. 2006) ("[A]t some point [a prison] may have to to force-feed [a] prisoner to prevent him from

seriously endangering his health."); *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992) (rejecting plaintiff's claim that prison regulations that permit medical officers to force-feed an inmate if they determine that his life or permanent health are in danger violate the Constitution).

ICE has established the elements for emergency injunctive relief under Federal Rule of Civil Procedure 65(b) and the requirements for injunctive relief in the Fifth Circuit. See *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

Accordingly, it is:

**ORDERED** that Petitioner's Ex-Parte Emergency Temporary Restraining Order is **GRANTED**;

**ORDERED** that a trained medical professional is authorized to employ the least amount of force necessary to administer hydration and/or nutrients to Respondent to the extent necessary to prevent life-threatening consequences to Respondent;

**ORDERED** that trained medical staff and professionals are authorized to employ the least amount of force necessary to conduct routine physical examinations and laboratory testing on Respondent;

**ORDERED** that competent medical authority may use the least amount of force and restraint mechanisms necessary to restrain Respondent if he resists efforts to perform routine examinations, laboratory testing, and administer hydration and/or nutrients to the Respondent by nasogastric tube and/or intravenously to sustain the life of the Respondent.

**This Temporary Restraining Order expires at 11:00 a.m./~~p.m.~~ on September 1, 2026 p.m. (central standard time).**

Signed on August, 2026, at 11:00 a.m./~~p.m.~~ (central standard time) at Houston, Texas.

UNITED STATES DISTRICT JUDGE